892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEOCYTE, INC.; Read S. McCarty, Plaintiffs-Appellants,
v.
MILES LABORATORIES, INC., Defendant-Appellee,
and
Cutter Laboratories, Inc., Jack Ryan and Does 1 through 100,
inclusive, Defendants.
 No. 88-15468.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1989.
Decided Dec. 12, 1989.
 
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cutter's undisclosed decision and plan to develop its own blood bag separator allegedly violated certain obligations to Neocyte resulting in "great damage to Neocyte and our investors." The trial court granted Cutter's motion for summary judgment. Neocyte appeals.
 
 
 3
 We have carefully reviewed the record as we are obligated to do for de novo review, viewing the evidence in the light most favorable to the nonmoving party. See e.g. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986).
 
 
 4
 Neocyte's failure to create a genuine issue of material fact on its damage claim is fatal to its case. It failed to make a showing sufficient to raise a factual question of the amount, causation or fact of damages. We summarized the status of summary judgment law in California Arch. Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466 (9th Cir.1987), cert. denied, 484 U.S. 1006 (1988).
 
 
 5
 In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. See Celotex Corp. v. Catrett, [477 U.S. 317 (1986) ]. Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., [477 U.S. 242 (1986) ] (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., [475 U.S. 574 (1986) ]. No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.
 
 
 6
 818 F.2d at 1468 (emphasis in original).
 
 
 7
 We find no abuse of discretion in the exclusion of evidence. The trial court properly listed reasons for the exclusion. The record supports the reasons stated. The denial of a continuance was likewise based on reasons stated which find support in the record.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3